IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:22-cr-14-LG-RPM-1

**MARK ALLEN LACY, JR.**

## ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL

**THIS MATTER IS BEFORE THE COURT** to evaluate whether Defendant Mark Allen Lacy, Jr., is competent to stand trial. After reviewing the confidential psychological evaluation report submitted to the Court and considering the testimony and evidence presented at the competency hearing conducted on January 10, 2023, the Court finds that Defendant is competent to stand trial.

### BACKGROUND

On February 8, 2022, Defendant was indicted with two counts of threatening to murder a federal law enforcement officer in violation of 18 U.S.C. § 115 (a)(1)(B) and (b)(4). Due to Defendant's history of mental health issues, his attorney filed a [27] Motion for Examination to Determine Competency Pursuant to Fed. R. Crim. P. 12.2 and 18 U.S.C. §4241 and Insanity at the Time of the Crime(s) pursuant to 18 U.S.C. §4242. The Court granted the Motion in an [29] Order entered on April 12, 2022.

Defendant was evaluated by Dr. Lisa Bellah, Ph. D., a licensed forensic psychologist, who opined:

> Although Mr. Lacy has a lengthy mental health treatment history his symptoms appear relatively well controlled with medication management at this time. He does not present with mental health

symptoms that appear to negatively impact his current ability to adequately understand the nature and consequences of the proceedings against him or to properly assist in his defense.

(Psychological Evaluation at 11, ECF No. 30).

On January 10, 2023, the Court conducted a competency hearing pursuant to 18 U.S.C. §4247(d).  At the hearing, Dr. Bellah's psychological evaluation report was introduced, accompanied by testimony from Dr. Bellah, who explained in detail her observations and reasoning.  Counsel for Defendant also noted that he conferred with Defendant prior to the hearing, and Defendant was able to communicate regarding the proceedings against him, leaving Defense Counsel to conclude that Defendant is competent at this time.

## DISCUSSION

When deciding whether a defendant is competent to stand trial, courts must determine "by a preponderance of the evidence" whether "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(d).

> To be deemed competent, the defendant must have the present ability to consult with his lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him.  A district court can consider several factors in evaluating competency, including, but not limited to, its own observations of the defendant's demeanor and behavior; medical testimony; and the observations of other individuals that have interacted with the defendant.  A defendant who has it within his voluntary control to cooperate, is not incompetent merely because he refuses to cooperate.

*United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011) (internal citations, alterations, and quotation marks omitted).  Based on Dr. Bellah's report, her testimony, and without any contradictory evidence or testimony, the Court finds by a preponderance of the evidence that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent.  As a result, Defendant is competent to stand trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant, Mark Allen Lacy, Jr., is **COMPETENT** to stand trial.

**SO ORDERED AND ADJUDGED** this the 10th day of January, 2023.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE